# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES LEE WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv-0210-WTL-WGH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## Entry Granting Motion to Transfer

This cause is now before the Court on a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) filed by the defendant, United States of America. The United States argues that transfer is appropriate in this case because the Northern District of Ohio best serves the convenience of the parties, the conveniences of the witnesses and the interests of justice. In contrast, the plaintiff, James Lee Wheeler, argues that transfer is not appropriate because he and all of the claims raised in the amended complaint have a nexus in this district. Further, Wheeler argues that his choice of forum should be given great weight and is not outweighed by other considerations. For the following reasons, this action is transferred to the Northern District of Ohio.

## I. Factual Background

On June 1, 2004, following a trial, Wheeler was convicted of one count of substantive RICO, one count of RICO conspiracy, and one count of conspiracy to possess with intent to distribute narcotics in violation of Federal law. *See United States v. Wheeler*, 535 F.3d 446 (6th Cir. 2008). He was sentenced to life imprisonment on the substantive RICO and drug conspiracy counts and to twenty years imprisonment on the RICO conspiracy count, to run consecutively. *Id*. On January 5, 2005, the Northern District of Ohio District Court issued a forfeiture order ruling

that Wheeler's interest in certain properties, located in Indianapolis, were subject to forfeiture by the United States.

Wheeler's convictions as to the substantive RICO and RICO conspiracy offenses were reversed by the Sixth Circuit Court of Appeals. *Id.* at 458. These convictions were the basis of the forfeiture proceedings. On February 8, 2010, the District Court issued an order partially vacating the preliminary order of forfeiture.

In the amended complaint filed on August 27, 2014, Wheeler alleges that the United States of America, by and through its agents, employees and servants did "dispose of, by auction sale, the property ordered forfeited by the Ohio Federal District Court." He seeks $1,270,000.00 in damages.[1]

## II. Standard

The United States asks this Court to transfer this matter to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer is appropriate under this section where the moving party establishes that (1) venue is proper in the transferor district, (2) venue is proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986).

---

[1] In his prayer for relief, Wheeler requests that this Court enter a money judgment in the amount of $1,270,00.00.  Elsewhere in his complaint, Wheeler alleges he was injured in the amount of $1,127,000.00.

While the third prong of 28 U.S.C. § 1404(a) directs the Court to consider the convenience of the parties, the convenience of the witnesses, and the interests of justice, it does not dictate the relative weight to be given to each factor. As a result, "the weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219. As the party seeking transfer, the United States has the burden of demonstrating that transfer is appropriate. *See Millennium Prod. Inc. v. Gravity Boarding Co.*, 127 F.Supp.2d 974, 980 (N.D. Ill. 2000) (citing *Coffey*, 796 F.2d at 219–20).

### III. Discussion

**A. Venue is proper in both Districts.**

First, in order for transfer to be appropriate under § 1404(a), venue must be proper in both the transferor and transferee districts. The parties agree that venue is proper in this district, and the United States argues that venue is proper in the Northern District of Ohio. However, Wheeler does not address in his brief in opposition whether venue is proper in the Northern District of Ohio. Venue is governed by 28 U.S.C. § 1391(e). Section 1391(e) provides that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity . . . may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) the plaintiff resides if no real property is involved in the action.

Venue is proper in the Northern District of Ohio because a substantial part of the events giving rise to this claim occurred in Ohio. More specifically, the criminal conviction and forfeiture action that is the basis of the amended complaint in this action occurred in Ohio. Thus, venue is proper in both districts.

### B. Convenience of Parties and Witnesses

Either forum, Southern District of Indiana or Northern District of Ohio, would be inconvenient for one party or the other. Merely shifting inconvenience from one party to another does not warrant transfer. *E.g., Moore v. AT & T Latin Am. Corp.*, 177 F.Supp.2d 785, 789 (N.D. Ill.2001), citing *Promatek Med. Sys., Inc. v. Ergometrics, Inc.*, 1990 WL 19491, at *4 (N.D. Ill. Feb.15, 1990); accord, *Educational Visions, Inc. v. Time Trend, Inc.*, 2003 WL 1921811, at *7 (S.D. Ind. April 17, 2003) (denying motion to transfer that would have merely shifted inconvenience between parties). Wheeler's choice of forum is here, and the property in question is located in Indiana. Any potential state law concerns will involve Indiana law.

In contrast, the underlying criminal conviction in this action that resulted in the forfeited Indiana property occurred in the Northern District of Ohio. Additionally, the order partially vacating the preliminary order of forfeiture was issued by the District Court for the Northern District of Ohio. *See United States v. Wheeler*, 3:03-cr-739-DAK-1, dkt. 2120. Based on the familiarity of that court with this action, both the criminal matter and the forfeiture order, the convenience of the parties weighs in favor of transferring.

Both parties argue that the availability of non-party witnesses and evidence weighs in their favor. Wheeler states that his non-party witnesses reside in this district. The United States asserts that the "majority of the individuals with the most material knowledge of these events are located in Ohio." However, other than generic statements that each party's witnesses are located in the desired venue, neither party actually identified a potential witness nor their location. As such, the Court is not able to conclude that this factor weighs in favor of venue in either district.

### C. Interests of Justice

According to the United States, other than the forfeited properties, the evidence in this action is all located in Ohio. While the United States asserts the evidence could be transferred to this district, the location of all of the evidence in Ohio weighs in favor of transferring.

Additionally, while Indiana is Wheeler's choice of forum, his location at the Federal Correctional Institution in Terre Haute, Indiana, is subject to the Bureau of Prisons. His status as an inmate in the custody of the Bureau of Prisons weighs in favor of transferring this action to Ohio. Wheeler's location is not dependent on him, but the Bureau of Prisons. If he were to be transferred out of this Court's venue, this matter would necessarily need to be transferred to Ohio. Transferring this action to the Northern District of Ohio now, where venue is proper, rather than at some point down the road serves the interests of justice.

### IV. Conclusion

For these reasons, the Court finds that the gain in convenience to the defendants outweighs the loss of convenience to Wheeler, and that the transfer is in the interest of justice. Accordingly, the defendant's motion to transfer [dkt. 15] **is granted**. Pursuant to 28 U.S.C. § 1404(a) the above action is now **TRANSFERRED** to the Northern District of Ohio.

**IT IS SO ORDERED.**

Date: 2/24/15

Distribution:

James Lee Wheeler, #01227-017
Terre Haute Federal Correctional Facility
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, Indiana 47808

Electronically registered counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**