IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JAMES LEE WHEELER,**                          Case No. 15 CV 366

    Plaintiff,                                 Judge David A. Katz

    v.                                        Magistrate Judge James R. Knepp II

**UNITED STATES OF AMERICA,**

    Defendant.                             REPORT AND RECOMENDATION

### INTRODUCTION

This matter stems from a criminal case once in this Court, and now—after a lengthy and convoluted procedural history involving different jurisdictions—finds itself here once again. The current matter before the Court involves a civil claim brought under the Federal Tort Claims Act ("FTCA"), originally filed in the Southern District of Indiana, Terra Haute Division ("Indiana court"). *Pro se* Plaintiff James Lee Wheeler ("Plaintiff") alleges Defendant United States of America ("Defendant") improperly disposed of his property. Plaintiff is a federal prisoner confined at the United States Penitentiary in Terre Haute, Indiana.

The Indiana court transferred the case to this Court and it was submitted to the undersigned for a report and recommendation. Before the Court are Defendant's Motion to Dismiss (Doc. 27), Plaintiff's Motion for Summary Judgment (Doc. 32), and Defendant's Motion to Strike (Doc. 35). For the following reasons, the undersigned recommends GRANTING the Motion to Dismiss, and DENYING both the Motion for Summary Judgment and the Motion to Strike as moot.

**PROCEDURAL BACKGROUND**

With regard to the civil matter now at issue, Plaintiff filed a Complaint in the Indiana court on August 27, 2014, which was subsequently amended. (Docs. 1, 7). The Indiana court determined the Amended Complaint ("Complaint"), alleging a claim under the FTCA, would serve as the operative complaint in this matter. (Docs. 6, 9). It also found the Complaint subject to the requirements of 28 U.S.C. § 1915A(b), which sets the parameters for a prisoner seeking redress from the government. (Doc. 9). After screening the Complaint, the Indiana court determined it survived those requirements and, therefore, could proceed as submitted. (Doc. 9). It then granted Defendant's opposed Motion to Transfer the case to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). (Doc. 23).

In this Court, Defendant filed a Motion to Dismiss, opposed by Plaintiff. (Docs. 27, 31). Defendant then filed a Reply and Plaintiff a Sur-Reply. (Docs. 33, 34). Defendant filed a Motion to Strike the Sur-Reply, to which Plaintiff filed a Response. (Docs. 35, 38). Plaintiff also filed a Motion for Summary Judgment, opposed by Defendant. (Docs. 32, 39). Plaintiff filed a Reply to the opposition to his Motion for Summary Judgment. (Doc. 41).

**FACTUAL BACKGROUND**

The undersigned adopts the following factual findings from the Indiana court's Entry Granting Motion to Transfer.

> On June 1, 2004, following a trial, [Plaintiff] was convicted of one count of substantive RICO, one count of RICO conspiracy, and one count of conspiracy to possess with intent to distribute narcotics in violation of Federal law. *See United States v. Wheeler*, 535 F.3d 446 (6th Cir. 2008). He was sentenced to life imprisonment on the substantive RICO and drug conspiracy counts and to twenty years imprisonment on the RICO conspiracy count, to run consecutively. *Id.* On January 5, 2005, the Northern District of Ohio District Court issued a forfeiture order ruling that [Plaintiff's] interest in certain properties, located in Indianapolis, were subject to forfeiture by the United States.

[Plaintiff's] convictions as to the substantive RICO and RICO conspiracy offenses were reversed by the Sixth Circuit Court of Appeals. *Id.* at 458. These convictions were the basis of the forfeiture proceedings. On February 8, 2010, the [Ohio] District Court issued an order partially vacating the preliminary order of forfeiture.

In the amended complaint filed on August 27, 2014, [Plaintiff] alleges that the [Defendant], by and through its agents, employees and servants did 'dispose of, by auction sale, the property ordered forfeited by the Ohio Federal District Court.' He seeks $1,270,000.00 in damages. (Doc. 23, at 1-2).

In his prayer for relief, [Plaintiff] requests that [the Indiana court] enter a money judgment in the amount of $1,270,00.00 [sic]. Elsewhere in his complaint, [Plaintiff] alleges he was injured in the amount of $1,127,000.00. (Doc. 23, at 2 n.1).

### DEFENDANT'S MOTION TO DISMISS

Defendant argues the case should be dismissed for failure to state a claim—alleging the insufficiency and untimeliness of the Complaint, and an assertion that the Defendant never took title to the property in question. (Doc. 27). The undersigned first addresses the ability of this Court to consider a motion under Civil Rule 12(b)(6) in light of the Indiana court's determination the Complaint survived the requirements of 28 U.S.C. § 1915A.

### Adequacy of Complaint

When deciding a motion to dismiss under Civil Rule 12(b)(6), courts test a complaint's legal sufficiency. The court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, 'to state a claim to relief that is

3

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). And "'[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). This standard for Rule 12(b)(6) applies to "all civil actions." *Hensley*, 579 F.3d at n.4 (internal quotation omitted). Additionally, a *pro se* complaint must not be dismissed under Rule 12(b)(6) for failing to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (internal quotations omitted).

Importantly, the dismissal standard articulated in *Twombly* and *Iqbal* also governs dismissal for failure to state a claim under § 1915A. *See, e.g., Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) ("We review a failure to state a claim under § 1915A in the same manner as an 'ordinary 12(b)(6) dismissal . . .'"); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

28 U.S.C. § 1915A applies to "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The reviewing court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* This initial assessment is a tougher standard than a 12(b)(6) motion because "[u]nlike a dismissal for failure to state a claim, which a judge must accept all factual allegations as true, a dismissal for frivolousness under § 1915 does not require a judge to accept fantastic or

4

delusional factual allegations." *Holland v. City of Gary*, 503 Fed. Appx. 467, 477 (7th Cir. 2013).

Here, prior to the case being transferred to this Court, the Indiana court made an initial determination that the claim is viable according to the standards of 1915A, and consequently 12(b)(6). (Doc. 9). In light of the Indiana court's determination, it would be improper for this Court to consider Defendant's Motion to Dismiss for failure to state a claim under the same standard of review.

**Statute of Limitations**

Defendant next argues the case should be dismissed because the claim is barred by the statute of limitations under the FTCA. The doctrine of sovereign immunity precludes suit against the United States unless it consents. *Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014). The FTCA serves as a limited waiver of governmental immunity. *Young v. United States*, 71 F.3d 1238, 1244 (6th Cir. 1995); 28 U.S.C. § 2674. "The extent of that waiver (i.e. the United States' amenability to suit and substantive tort liability) is determined by analogizing the United States to a private actor in a similar situation under the appropriate state law." *Id.*

"The [FTCA] provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)).

In this case, the Federal agency did not act on the claim. Accordingly "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option

5

of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

Here, Plaintiff filed his administrative claim in April 2011, therefore, six months later—beginning in October 2011, the claim, at the option of Plaintiff, could be deemed a final denial. In 2014, having not been notified of a final denial, Plaintiff advised the agency that he would treat June 5, 2014, as a final denial of the claim. (Doc. 31, at 7). He, therefore, had six months or until December 2014, to file his complaint; he timely did so on August 27, 2014. (Doc. 7). Defendant concedes Plaintiff filed the Complaint within the six month period following a final denial of the agency determination.[1] (Doc. 33, at 6). Defendant argues, however, the claim is barred because Plaintiff failed to present it to the appropriate federal agency within two years after it accrued. Thus, the issue becomes the date of accrual.

Plaintiff filed his administrative claim in April 2011; therefore, if the statute of limitations began running prior to April 2009, his claim is time-barred.[2] Defendant asserts the claim accrued on either August 1, 2008—the date the Sixth Circuit reversed Plaintiff's RICO conviction, or December 29, 2008—the date the Sixth Circuit issued the mandate denying rehearing en banc. (Doc. 33, at 6). Plaintiff counters that the claim is timely because it accrued on either April 20, 2009—the date the United States Supreme Court denied certiorari, or on June 9, 2009—the date of his resentencing. (Doc. 31, at 7).

---

1. "[Plaintiff's] argument may, arguendo, have credence if the United States was asserting his claim was untimely pursuant to the six month time limitation. . . for commencing a legal action in district court following the denial of an administrative tort claim, but such is not the case. . . . [Plaintiff's] claim is barred because he failed to present his administrative tort claim to the appropriate federal agency within two years after his claim accrued. . .". (Doc. 33, at 6).
2. Plaintiff asserts he delivered the claim to prison officials for mailing on April 18, 2011, and Defendant asserts it was filed on April 25, 2011. (Doc. 31, at 4-5; Doc. 33, at 5-6).

6

Neither the FTCA itself nor the legislative history provides insight into when a tort claim accrues under 28 U.S.C § 2401(b). *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004). In the Sixth Circuit, "[t]ypically, a tort claim accrues under 28 U.S.C. § 2401(b) 'at the time of the plaintiff's injury.'" *Amburgey v. United States*, 733 F.3d 633, 637 (6th Cir. 2013) (internal citation omitted). An individual must have knowledge the injury has occurred, which "is necessarily fact-intensive." *Hertz v. United States*, 560 F.3d 616, 619 (6th Cir. 2009); *see also Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002) (finding a Plaintiff's claim accrued "when they discovered or had reason to discover that their property allegedly had been fraudulently forfeited.")

Here, the undersigned is persuaded by Defendant's argument that the claim accrued on August 1, 2008—the effective date of the Sixth Circuit's judgment reversing his RICO convictions and associated forfeitures. (Doc. 33, at 3-6). This is when Plaintiff's injury occurred because as of this date he was on notice that the forfeiture order was overturned, and the United States no longer had a claim to the real property at issue. Alternatively, surely he was on notice as of December 29, 2008, the date of the mandate issued by the Sixth Circuit following Plaintiff's petition for rehearing en banc. (Doc. 33, at 5). Under either date, the claim is barred. *See Blakely*, 276 F.3d at 865 ("Under the FTCA, a district court does not have jurisdiction over an action filed pursuant thereto if the plaintiff did not file an administrative claim within the two-year limitations period under 28 U.S.C. § 2401(b).")

Even though the undersigned finds Plaintiff's action barred by the statute of limitations, the issue of equitable tolling must be addressed. A rebuttable presumption of equitable tolling applies to suits brought against the United States. *Kwai Fun Wong*, 135 S. Ct. at 1630-31. "[A] court usually may pause the running of a limitations statute . . . when a party 'has pursued his

rights diligently but some extraordinary circumstance' prevents him from meeting a deadline." *Id.* (quoting *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014)). The plaintiff has the burden of establishing the appropriateness of tolling in a given case. *Jackson*, 751 F.3d at 719.

Here, Plaintiff has not met his burden. He fails to offer a reason he was either unaware of his injury or an extraordinary circumstance which prevented his timely filing. Plaintiff only asserts the claim accrued on a later date; the undersigned does not agree. Because he offers no reasons for his untimely claim, the undersigned finds the claim barred.

## CONCLUSION

After a review of the record, the undersigned recommends GRANTING Defendant's Motion to Dismiss (Doc. 27) and DENYING both Plaintiff's Motion for Summary Judgment (Doc. 32) and Defendant's Motion to Strike (Doc. 35) as moot.

          s/James R. Knepp II
          United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).