UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LEE WHEELER, | ) | Case No.: 3:15 CV 366 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge James R. Knepp, II, filed January 25, 2016. (ECF No. 42). The Magistrate Judge determined the Plaintiff's claim under the Federal Tort Claims Act ("FTCA") was barred by the statute of limitations and recommended that the Court grant the Defendant's Motion to Dismiss.

On February 16, 2016, United States District Court Judge David A. Katz adopted the Report and Recommendation finding the fourteen day period to file objections lapsed and no Objections were filed. (ECF No. 43). Six days later, on February 22, 2016, Plaintiff filed Objections to the Report and Recommendation. He indicates in his Certificate of Service that he placed his Objections with prison officials fourteen days earlier on February 8, 2016. The Defendant responded to Plaintiff's Objections but did not contest their timeliness. The Court therefore accepts that the Objections were timely filed on February 8, 2016, and vacates the February 16, 2016 judgment adopting the Report and Recommendation (ECF No. 43). The

Court will consider the Objections *de novo.*

Plaintiff was convicted of one count of substantive RICO, one count of RICO conspiracy, and one count of conspiracy to possess with intent to distribute narcotics in violation of Federal law on June 1, 2004. *See United States v. Wheeler*, 535 F.3d 446 (6th Cir. 2008). On January 5, 2005, this District Court issued a forfeiture order subjecting certain properties in Indianapolis to forfeiture. The United States Sixth Circuit Court of Appeals reversed his RICO convictions and the forfeiture on August 1, 2008. This District Court partially vacated the forfeiture order on February 8, 2010. Plaintiff alleges that the Defendant disposed of the forfeited property by auction sale, entitling him to $ 1,270,000.00 in damages.

Plaintiff filed his administrative claim for relief for his lost property under the FTCA in April 2011. Under the FTCA, the claim must be presented to the appropriate federal agency within two years after it accrued. The issue before the Court is the date on which this claim began to accrue. The Magistrate Judge determined the claim accrued on either August 1, 2008, the effective date of the Sixth Circuit's judgment reversing his RICO convictions and associated forfeitures, or December 29, 2008, the date the mandate issued by the Sixth Circuit following Plaintiff's Petition for Rehearing *En Banc.* The Magistrate reasoned Plaintiff was on notice from the date of the reversal of the forfeiture that the United States no longer had a claim to the real property at issue. Based on either of these dates, Plaintiff's FTCA claim accrued more than two years before it was presented to the appropriate federal agency, making it untimely.

Plaintiff objects to this reasoning and contends accrual occurred either on April 20, 2009, the date the Supreme Court denied certiorari, or June 9, 2009, the date of his re-sentencing. In support of his assertion, he cites two cases. The first case, *Clay v. United States*, 537 U.S. 522

(2003), concerns the issue of when a federal conviction becomes final for purposes of calculating the one year period for filing a Motion to Vacate under 28 U.S.C. § 2255. The other case, *Heck v. Humphrey*, 512 U.S. 477 (1994), states that a plaintiff cannot obtain damages for a claim that would call into question a conviction or sentence unless the conviction or sentence has been overturned on appeal or called into question by a Petition for a Writ of Habeas Corpus. The Defendant filed a Response to the Objections arguing that the cases cited by Plaintiff do not support his conclusion and asserting that the Magistrate properly held that Plaintiff's FTCA claim is barred by the statute of limitations.

The Court has reviewed the briefs before the Magistrate Judge as well as the Report and Recommendation and briefs of both parties. Based on the reasoning and citations of authority set forth in Magistrate Judge Knepp's Report and Recommendation (ECF No. 42), as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety, OVERRULES Plaintiff's Objections thereto (ECF No. 44,46), GRANTS Defendant's Motion to Dismiss (ECF No. 27) and DENIES both Plaintiff's Motion for Summary Judgment (ECF No. 32) and the Defendant's Motion to Strike (ECF No. 35) as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision cannot be taken in good faith.

IT IS SO ORDERED.

/S/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT